IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH MAURER, | : |
| | : CIVIL ACTION NO. _____ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| CLEARLY CLEAN | : |
| PRODUCTS, LLC, | : |
| | : *ELECTRONICALLY FILED* |
| Defendant. | : |

## COMPLAINT

Plaintiff, Keith Maurer, a resident of Schuylkill County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Clearly Clean Products, LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, the Americans With Disabilities Act of 1990 (the "ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101, *et seq.*, as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (the "PHRA").

2. The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has, and should exercise, jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

6. Plaintiff, Keith Maurer ("Mr. Maurer" or "Plaintiff"), is an adult individual residing at 234 North Railroad Avenue, Frackville, Schuylkill County, Pennsylvania 17931.

7. At all times relevant to this Complaint, Mr. Maurer was an adult individual diagnosed with severe asthma, which qualifies him as an individual with a "disability" as that term is defined under 42 U.S.C. 12102 of the ADA, the primary symptom of which is difficulty breathing.

8. Defendant, Clearly Clean Products, LLC ("Clearly Clean" or "Defendant"), is a Pennsylvania company and maintains its headquarters and principal place of business at 603 Industrial Drive, Orwigsburg, Schuylkill County, Pennsylvania 17961.

9. Defendant is in the business of manufacturing, selling and distributing biodegradable food packaging products.

10. At all times relevant to this Complaint, Defendant employed in excess of fifteen (15) individuals, including Mr. Maurer, and is therefore an employer as defined by the ADA and PHRA.

## ADMINISTRATIVE PROCEEDINGS

11. On or about June 10, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which was docketed as EEOC Charge No. 530-2020-02079, alleging Defendant discriminated against him on the basis of his disabilities, including wrongful discharge. Plaintiff's Charge of Discrimination with the EEOC included instructions for the EEOC to dual file his discrimination claims with the Pennsylvania Human Relations Commission (the "PHRC").

12. Plaintiff has been advised of his individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated May 10, 2021.

13.     Plaintiff has exhausted all administrative remedies available to him, and all necessary and appropriate EEOC and PHRC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

14.     Mr. Maurer was hired by Defendant as a Maintenance Mechanic on or about May 20, 2019.

15.     During the onboarding process with his employment with Defendant, Mr. Maurer disclosed to Defendant that he lives with severe asthma which compromises his ability to breath.

16.     Defendant initially accommodated Mr. Maurer's disability and allowed Mr. Maurer to carry with him an albuterol inhaler, which allowed him to immediately treat an asthma attack while carrying out the essential functions of his job.

17.     On or around March 16, 2020, Defendant sent an email to all employees informing them that due to the COVID-19 virus, all employees would be required to wear masks or face covering in the workplace.

18.     Mr. Maurer immediately found that wearing a face covering exasperated his asthma symptoms, to the point that his airway and breathing became restricted.

19. Mr. Maurer contacted Defendant's Human Resources Manager, Brittany Steffie, to discuss a reasonable accommodation for the mask requirement which would allow him to continue to perform the essential functions of his job.

20. Ms. Steffie asked Mr. Maurer to produce a note from his physician confirming his disability; on or about April 20, 2020, Mr. Maurer produced a note from his physician which stated that due to Mr. Maurer's asthma diagnosis, he "is unable to tolerate a mask/respirator or any type."

21. Mr. Steffie responded by telling Mr. Maurer that due to his inability to wear a face mask that he would not be allowed to enter Defendant's place of business and gave Mr. Maurer two (2) days to remedy the situation on his own.

22. On or about April 22, 2020, Mr. Maurer received an email from Defendant's General Counsel, Gary D. Colby, Esquire, terminating Mr. Maurer for not complying with the mask requirement, despite Mr. Maurer's inability to do so due to his documented disability.

23. As a result, Defendant terminated Mr. Maurer because of his disability and its refusal to provide him with a reasonable accommodation to perform the essential functions of his job.

## COUNT I

**ADA VIOLATION**
**DISABILITY DISCRIMINATION**

24. All prior paragraphs are incorporated herein as if set forth fully below.

25. Mr. Maurer is within the protective class of individuals as designated by the ADA.

26. Mr. Maurer is a qualified individual with a disability.

27. Mr. Maurer's severe asthma constitutes a disability because it substantially limits and impairs his ability to breath, which constitutes a major bodily function and/or life activity.

28. At all times relevant to this Complaint, Mr. Maurer was qualified for and able to perform the essential functions of his job with a reasonable accommodation.

29. As previously set forth above, after Defendant learned that Mr. Maurer's disability did not allow him to comply with Defendant's mask requirement, Mr. Maurer was discriminated against and terminated.

30. As a direct and proximate result of Defendant's conduct in violating the ADA by discriminating against Mr. Maurer on the basis of his disabilities, Mr. Maurer has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to his career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

31. Defendant's discrimination toward Mr. Maurer arising from his disabilities constitute a violation of the ADA.

WHEREFORE, Plaintiff, Keith Maurer, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### COUNT II

### ADA VIOLATION
### FAILURE TO ACCOMODATE

32. All prior paragraphs are incorporated herein as if set forth fully below.

33. Mr. Maurer is within the protective class of individuals as designated by the ADA.

34. Mr. Maurer is a qualified individual with a disability.

35. Mr. Maurer's severe asthma constitutes a disability because it substantially limits and impairs his ability to breath, which constitutes a major bodily function and/or life activity.

36. At all times relevant to this Complaint, Mr. Maurer was qualified for and able to perform the essential functions of his job with a reasonable accommodation.

37. As previously set forth above, Mr. Maurer requested a reasonable accommodation at the direction of his physician of not wearing a face covering.

38. As previously set forth above, Defendant immediately denied Mr. Maurer's request and terminated his employment soon thereafter.

39. As a direct and proximate result of Defendant's conduct in violating the ADA by discriminating against Mr. Maurer on the basis of his disabilities, Mr. Maurer has been permanently and irreparably harmed, and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to his career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

40. Defendant's discrimination towards Mr. Maurer arising from his disabilities constitutes violations of the ADA.

WHEREFORE, Plaintiff, KEITH MAURER, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

### PHRA VIOLATIONS
### DISABILITY DISCRIMINATION
### AND FAILURE TO ACCOMMODATE

41. All prior paragraphs are incorporated herein as if set forth fully below.

42. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count III arise out of the same facts, events, and circumstances as Count I and Count II, and therefore judicial economy and fairness to the parties dictate that this Count III be brought in the same Complaint.

43. As previously stated in Count I and Count II, Defendant discriminated against Mr. Maurer on the basis of his asthma, and failed to provide a reasonable accommodation, in violation of the PHRA.

44. Defendant discrimination towards Mr. Maurer arising from his disabilities constitutes violations of the PHRA.

WHEREFORE, Plaintiff, Keith Maurer, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Keith Maurer, prays that this Honorable Court enter judgement in his favor against Defendant, Clearly Clean Products, LLC, and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of his disabilities, refusing to provide a reasonable accommodation to Plaintiff, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their disabilities, refusing to provide reasonable accommodations to their employees, and is to be

      ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.   Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d.   Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e.   Plaintiff is to be awarded punitive damages as provided for under the ADA;

f.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

    h.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

    i.    Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

    j.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Dated: July 14, 2021                    Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Michael J. Bradley*
Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*